OPINION
Defendant-appellant Michael T. McHale appeals from his conviction and sentence for Rape and Pandering. He contends that the trial court erred in failing to suppress evidence and in overruling his motion to withdraw his no-contest plea. He further contends that he was denied effective assistance of counsel.
We conclude that the record does not support a claim of ineffective assistance of counsel. We further find that the trial court did not err by overruling McHale's motions to suppress and to withdraw his plea. Accordingly, the judgment of the trial court is Affirmed.
 I
On August 3, 2000, two door-to-door magazine solicitors observed McHale, through the front door of his trailer home, kneeling down between the spread legs of a female child and inserting his penis into the child's vagina. When one of the solicitors called out, McHale stood up, turned around, and said, "can I help you?" Both of the solicitors observed that McHale had an erection. The two solicitors walked away and called 911.
Police officers arrived approximately thirteen minutes after the call was made. The officers proceeded to calm the solicitors and question them regarding their observations. The officers attempted to make contact with the trailer residents, but were unsuccessful. At some point, another set of officers arrived on the scene. The officers set up a perimeter around the trailer. Approximately an hour and fifteen minutes after the first officers arrived, a police sergeant arrived at the trailer. He spoke with the other officers and the solicitors, and then formulated a plan to enter the trailer. The sergeant then knocked on the front door and announced the police presence. After getting no response, the front door was kicked open. The police entered the trailer to look for the victim.
Just inside the door of the trailer, the police observed men's underwear and a washcloth. Additionally, the officers observed computer equipment and what appeared to be illegal copies of commercial software. However, the officers found no one inside the trailer.
After exiting the trailer, the officers were informed by the trailer park owner that McHale was good friends with the residents of the neighboring trailer. The officers went to that trailer and heard noises from inside. They proceeded to "jimmy" the lock and then entered the trailer, where they found McHale, and arrested him.
The officers processed the scene just inside the doorway of McHale's trailer. McHale was taken to the police station, where he was advised of his rights. He waived his rights, and made both verbal and written statements. In his written statement, he indicated that he was changing the three-year-old victim's diaper when the two solicitors saw him. He stated that he had an erection at the time because he had just awoken, and that he often had an erection for ten to fifteen minutes after arising.
McHale also gave the police written consent to search his home. He returned to the trailer with several officers, including a computer crimes specialist. The computer specialist sat with McHale at the computer and began a search of the computer's hard drive. McHale was informed that he could stop the search at any time; however, he never revoked his consent. The computer contained a file titled "Kiddy Porno Page." Multiple images were found on the computer depicting McHale raping the same three year old.
McHale was indicted on one count of Rape by Force of a person less than thirteen years old, one count of Attempted Rape by Force of a person less than thirteen years old and six counts of Pandering. He was subsequently indicted with two additional charges of Rape by force and three additional charges of Pandering. He filed a motion to suppress all evidence seized, and statements made, based upon his claim that the police illegally entered his trailer and the trailer of his neighbor. The motion was overruled by the trial court.
McHale then entered pleas of no contest to two counts of Rape, with the force specification deleted, and four counts of Pandering. He was found guilty of those counts, and the remaining counts were dismissed. Prior to the imposition of sentence, McHale filed a motion to withdraw his plea. New counsel was appointed to represent him, and the trial court held an evidentiary hearing on the motion to withdraw the plea. The trial court denied the motion. McHale was sentenced to twenty years, the sentence agreed upon during plea negotiations. From his conviction and sentence, McHale appeals.
 II
McHale's First Assignment of Error states:
 THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE OBTAINED AS THE RESULT OF THE UNLAWFUL SEARCH OF APPELLANT'S RESIDENCE AND AS THE RESULT OF THE UNLAWFUL SEIZURE OF APPELLANT.
McHale contends that any physical evidence and any statements obtained as a result of the warrantless entry into his residence or into his neighbor's residence should be suppressed. In support, he contends that there were no exigent circumstances justifying the entrance into his residence, and that the police did not have a search warrant or the consent of his neighbor when they entered the neighbor's trailer.
In State v. Cheadle (July 14, 2000), Miami App. No. 00CA03, unreported, this court discussed the exigent circumstances exception to the requirement that searches of homes be conducted pursuant to warrant:
 A warrantless entry and search of a private residence is presumptively unreasonable under the Fourth Amendment. Invasion of the sanctity of the home is the chief evil against which the Fourth Amendment's warrant requirement is directed. The burden is upon the government to overcome the presumption that warrantless searches of homes are per se unreasonable by demonstrating that the search falls within one of the few, well recognized exceptions to the warrant requirement.
 One such exception to the warrant requirement is an entry or search based upon exigent circumstances. This exception is founded on the premise that the existence of an emergency situation, demanding urgent police action, may excuse the failure to procure a search warrant. In such emergency situations, police may have an urgent need to enter a home in order to protect persons or property, render emergency aid to injured persons, or prevent the imminent destruction of evidence.
 To justify a warrantless entry of a residence in order to seize a person or search for evidence of a crime under the rubric of exigent circumstances, not only must a true emergency exist which excuses the failure to obtain a warrant; police also must have probable cause that a crime has been committed. A warrantless emergency entry cannot be used as a fishing expedition for evidence of a crime.
 The right of police to conduct a warrantless search must be strictly circumscribed by the exigencies which justify its initiation. Exigent circumstances may create a justification for a limited warrantless intrusion and search, but the duration and scope of that intrusion and search are evaluated in terms of the emergency, and once that emergency has been alleviated, further intrusion must be sanctioned by a warrant.
 Id., citations omitted.
In this case, we find that both exigent circumstances and probable cause permitted the warrantless entry and search of the trailer. The initial warrantless entry into the residence was permissible under the exigent circumstances exception to the Fourth Amendment warrant requirement because the witnesses' statements regarding McHale's behavior compelled an immediate, and therefore warrantless, investigation to determine whether he was abusing any victims on the premises. "[T]he Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of immediate aid." State v. Nields (2001), 93 Ohio St.3d 6, 16, citation omitted. In this case, the police were called to the trailer by witnesses who viewed McHale raping a small child. No one observed McHale or the victim exit the trailer at any time prior to the warrantless entry. The evidence indicates that the police spent their time at the scene calming the two witnesses and formulating a safe plan for entry into the trailer. The evidence also indicates that the police felt it necessary to enter the trailer in order to search for the victim and to stop the abuse. We conclude that the entry, under the circumstances, was reasonable, and the trial court did not err in failing to suppress any evidence gained from the entry to the trailer.
With regard to the entry into the neighbor's trailer, we note that the defendant bears the burden of proving that he has standing to argue that evidence against the defendant was gained in violation of his Fourth Amendment rights. State v. Spencer (May 18, 1990), Montgomery App. No. 11740, unreported, citation omitted. To have standing, the defendant must demonstrate that he had a legitimate expectation of privacy in the area searched. Id. "The rule followed by courts today with regard to standing is whether the defendant had an expectation of privacy in the home that society is prepared to recognize as reasonable." State v.Williams (1995), 73 Ohio St.3d 153, 166.
On the record before us, McHale failed to meet his burden of proving that he had a legitimate expectation of privacy in the premises searched. He did not live there, he offered no affirmative evidence to establish a degree of his acceptance into the household, such as testimony that he stayed overnight there, or that he had regular access to, or use of, the premises. McHale offered no evidence of the nature of his current relationship with the owner of the trailer, how frequently he visited at the location, whether he was asked to visit, or whether his visit was welcome. The evidence did not establish, even inferentially, that he was legitimately on the premises. Therefore, we conclude that McHale lacked standing to assert a Fourth Amendment violation. Therefore, his claim that the trial court erred in failing to suppress evidence gained as a result of the entry into the neighbor's trailer is without merit.
The First Assignment of Error is overruled.
 III
The Second Assignment of Error is:
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS NO CONTEST PLEAS.
McHale contends that the trial court abused its discretion by denying his motion to withdraw his no-contest plea. In support, he argues that he "felt forced into the plea by counsel" because counsel did not adequately discuss the ramifications of the plea, did not discuss the factual basis for the charges, and did not give him adequate time to consider the plea agreement. He further argues that his "claim of innocence is an especially strong reason to allow withdrawal of a plea."
A motion to withdraw a plea of guilty or no contest is governed by Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
A motion to withdraw a guilty plea should be "freely and liberally granted" when a defendant shows "a reasonable and legitimate basis" for the withdrawal of the plea. State v. Xie (1992), 62 Ohio St.3d 521,527. A trial court must conduct a hearing in which it carefully considers the motion to withdraw the guilty plea and all the circumstances surrounding the motion. Id. Unless a trial court abuses its discretion in ruling on the motion, the judgment should be affirmed.Id. A trial court only abuses its discretion if its judgment is unreasonable, arbitrary or unconscionable. Id. We have stated that trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a full impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. State v. Landis (Dec. 6, 1995), Montgomery App. No. 15099, unreported, citation omitted.
The evidence before us supports a finding that McHale's attorney reviewed the evidence, including the videos found on McHale's computer, prior to recommending a plea. The evidence also supports a finding that counsel explained the facts underlying the charges to McHale and that he discussed the evidence compiled by the State. The record further belies McHale's claim that he did not have adequate time to consider the plea, and that he felt forced to plead by counsel. There is evidence that McHale expressed interest in working out a plea agreement, that counsel discussed the proposed agreement with him, and that McHale was made fully aware of the consequences of entering a no-contest plea by both counsel and the trial court. Finally, there is no evidence that counsel coerced McHale into accepting the plea.
In this case, McHale was represented by competent counsel. The transcript of the plea hearing reveals that the trial court and counsel explained all aspects of the plea to him. A reading of the transcript makes clear that McHale was cognizant of all consequences of entering the plea.
Additionally, the trial court conducted a full hearing on the motion to withdraw the plea, and the record of that hearing indicates that the trial court gave full and fair consideration to the motion. The trial court, after the hearing, found that McHale did not have a reasonable and legitimate basis for withdrawing the plea.
We agree with the trial court on this issue and find that McHale failed to demonstrate more than a change of heart with regard to the plea. We find no abuse of discretion. Accordingly, the Second Assignment of Error is overruled.
 IV
McHale's Third Assignment of Error states:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, AS A RESULT OF WHICH HIS MOTION TO WITHDRAW HIS PLEA SHOULD HAVE BEEN SUSTAINED.
McHale's contention that he was denied the effective assistance of counsel centers on his claims that his attorney coerced him into entering a no-contest plea. He contends that counsel failed to discuss the underlying facts of the case with him, failed to raise defenses, and coerced him into entering pleas to the charges.
To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To demonstrate deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 688. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id., at 142, citation omitted. Assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. Id. Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
As discussed in Part III, above, the record indicates that counsel did discuss the plea and the facts with McHale. Further, there is no evidence to support a finding that counsel coerced McHale into accepting the plea. Rather, it appears from the record that counsel secured a plea agreement whereby the force element was dismissed from the Rape counts thereby relieving McHale of what appears from the record to have been a strong risk of a life sentence.
Although counsel did not, as McHale notes, contest the warrantless entry into the neighbor's trailer, we do not find that this failure constitutes ineffective assistance of counsel, since McHale lacked standing to contest the entry.
In sum, we find that McHale has failed to demonstrate that his counsel's conduct fell below the standard of reasonableness. Therefore, the Third Assignment of Error is overruled.
 V
All of McHale's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.